# Bagley, Appellant, *v.* Scranton City.

*Appeals—Quashing appeals—Failure to print copy of ordinance in paper book.*

Where on an appeal from a decree dismissing a bill in equity, the only assignment of error is the decree, and it appears that the question involved was the validity of a municipal ordinance regulating jitney busses, the appeal will be quashed, if the appellant fails in his paper book to print a copy of the ordinance in question, and the record fails to show that the ordinance was offered in evidence.

Submitted March 9, 1917. Appeal, No. 13, March T., 1917, by plaintiff, from decree of C. P. Lackawanna Co., Oct. T., 1915, No. 12, dismissing bill in equity in case of M. J. Bagley et al. v. Scranton City. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Motion to quash appeal.

*J. B. Jenkins* and *A. A. Vosburg,* for appellants.

*D. J. Davis* and *H. M. Streeter,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The question involved is the validity of an ordinance requiring all persons operating motor vehicles or jitney busses in the City of Scranton to furnish bond, to adhere to a certain route and to provide seats for all passengers.

We search in vain in the paper book for a copy of the ordinance. It does not appear that it was offered in evidence. The bill praying for an injunction restraining the city from enforcing the ordinance as printed in the paper book has no copy of the ordinance incorporated in it or attached to it. Furthermore, the only assignment of error is directed to the final decree of the court dismissing the bill praying for an injunction. As the findings of the court below that the ordinance is not unreasonable, oppressive, prohibitive, discriminatory or confiscatory, are not attacked, the decree which was the logical sequence to the findings, cannot be questioned. See Young v. Zion R. Congregation, 254 Pa. 442.

The appeal is quashed at appellants' costs.